**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Century 21 Real Estate Corporation, | ) | No. CV-03-2353-PHX-DGC |
| Plaintiff/Counterdefendant, | ) | |
| vs. | ) | **ORDER** |
| Daryush B. Motlagh and Jennifer Motlagh, husband and wife; and Integrity Assurance, Inc., an Arizona corporation, | ) | |
| Defendants/Counterclaimants. | ) | |

Pending before the Court are Plaintiff's renewed motion to dismiss counterclaims and motion for summary judgment on Plaintiff's breach of contract and unjust enrichment claims. Docs. ##50-51. Also pending is Defendants' motion to reinstate counterclaims. Doc. #59. For the reasons set forth below, the Court will grant Plaintiff's motion to dismiss in part, deny its motion for summary judgment without prejudice, and deny Defendants' motion to reinstate counterclaims as moot. The Court also will set a status conference in this matter for December 14, 2005, at 4:00 p.m.[1]

---

[1] The Court will deny the request for oral argument because the parties have submitted memoranda thoroughly discussing the law and evidence and the Court concludes that oral argument will not aid its decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991), *cert denied*, 503 U.S. 920 (1992).

**Discussion**

**A.     The Renewed Motion to Dismiss and Motion to Reinstate Counterclaims.**

In a June 2, 2004 order, the Court denied Plaintiff's original motion to dismiss because it was unclear whether the counterclaims belonged to Defendants or the bankruptcy estate. Doc. #28 at 6-7. On October 26, 2004, the Bankruptcy Court held that the counterclaims belonged to the estate and that the proper party to pursue them was the trustee, not Defendants. *In re Motlagh*, 2:01-bk-17367-RJH (Bankr. D. Ariz. Oct. 26, 2004 Order). In an April 18, 2005 discovery order, this Court acknowledged that Defendants could not assert the counterclaims in light of the Bankruptcy Court's determination (Doc. #47 at 1-2), but the Court did not formally dismiss the counterclaims. *Id.*

Plaintiff renewed its motion to dismiss on May 13, 2005, arguing that Defendants do not have standing to pursue the counterclaims in light of the Bankruptcy Court's order. Doc. #50 at 1-2. Defendants have moved to "reinstate" the counterclaims on the ground that Daryush Motlagh purchased the claims at a bankruptcy estate auction on August 30, 2005. Doc. #59 at 2, Ex. 2. Plaintiff admits that Daryush Motlagh purchased the counterclaims from the bankruptcy estate. Doc. #61 at 1.

Under Arizona law, the counterclaims constitute the community property of Daryush and Jennifer Motlagh. *See* A.R.S. §§ 25-211 ("All property acquired by either husband or wife during the marriage is the community property of the husband and wife[.]"); 25-214(C) ("Either spouse separately may acquire . . . community property[.]"); *In re Estate of Stephens*, 574 P.2d 67, 73 n. 4 (Ariz. Ct. App. 1978) (stating that one-half of a husband's income belonged to his wife "[s]ince Arizona is a community property state"); *see also* Docs. ##1 ¶¶ 2-4, 13 at 2. The Court will accordingly deny Plaintiff's motion to dismiss with respect to Defendants Daryush and Jennifer Motlagh because they now own and have standing to pursue the counterclaims. The Court will grant the motion with respect to Defendant Integrity Assurance because it did not purchase the counterclaims and thus does not have standing to pursue them. The Court need not "reinstate" the counterclaims because they have never been dismissed; they may now be pursued by the

Motlaghs.

**B.     Plaintiff's Motion for Summary Judgment.**

Plaintiff filed the present motion for summary judgment on May 13, 2005. Doc. #51. Plaintiff argues that Daryush Motlagh breached the franchise agreement by failing to make required payments. *Id.* at 5. Plaintiff contends that Defendants cannot argue that Plaintiff's alleged breach of the franchise agreement excused Motlagh's breach because Defendants do not own the counterclaims and, as a matter of law, a franchisee may not refuse to make payments under a franchise agreement while continuing to accept the benefits of the agreement. *Id.* at 5-6 (citing *Dunkin' Donuts, Inc. v. Donuts, Inc.*, No. 99-CV-1141, 2000 WL 1808517 (N.D. Ill. Dec. 6, 2000)).

The Court will deny the motion for summary judgment without prejudice. As discussed above, the counterclaims now belong to Daryush and Jennifer Motlagh, undercutting a portion of Plaintiff's argument. Moreover, the Court concludes that the holding in *Dunkin' Donuts* does not at this stage entitle Plaintiff to summary judgment on its breach of contract claim because in that case it was undisputed that the franchise agreement was validly terminated by the franchisor based on the franchisee's numerous violations of health and safety standards. *Dunkin' Donuts*, 2000 WL 1808517 at *9. In this case, Defendants allege that Plaintiff improperly sought to terminate the franchise agreement when the automatic bankruptcy stay was in effect and thereafter repudiated the agreement and refused to acknowledge Daryush Motlagh's franchise. Docs. ##1 ¶ 41, 13 at 3-10, 54 at 2-3, 8. Furthermore, the district court in *Dunkin' Donuts* did not apply New Jersey law, which governs the franchise agreement in this case. *See* Doc. #1 Ex. A ¶ 25(A). The factual issues regarding Plaintiff's breach of contract claim also preclude summary judgment on its unjust enrichment claim against Defendant Integrity Assurance.

The Court will deny Plaintiff's motion without prejudice because discovery to be conducted on the counterclaims may establish facts that can later be asserted in support of summary judgment. The Court will permit discovery on the counterclaims and the filing of dispositive motions on all claims at issue.

1  ///

2  The parties shall be prepared to address new discovery and dispositive motion
3  deadlines at a status conference to be held on December 14, 2005. The parties shall file a
4  joint proposal regarding such deadlines by December 9, 2005.

**IT IS ORDERED:**

1. Plaintiff's renewed motion to dismiss counterclaims (Doc. #50) is **granted in part** and **denied in part** as set forth in this order.

2. Plaintiff's motion for summary judgment (Doc. #51) is **denied without prejudice**.

3. Defendants' motion to reinstate counterclaims (Doc. #59) is **denied as moot**.

4. A status conference is set for **December 14, 2005, at 4:00 p.m.**

5. The parties shall file a joint proposal regarding new discovery and dispositive motion deadlines by **December 9, 2005**.

DATED this 28th day of November, 2005.

David G. Campbell
United States District Judge