**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Century 21 Real Estate Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Daryush B. Motlagh and Jennifer Motlagh, husband and wife; and Integrity Assurance, Inc., an Arizona corporation,<br><br>    Defendants.<br>_____<br>Daryush B. Motlagh and Jennifer Motlagh, husband and wife,<br><br>    Counterclaimants,<br><br>vs.<br><br>Century 21 Real Estate Corporation,<br><br>    Counterdefendant.<br>_____ | No. CV-03-2353-PHX-DGC<br><br>**ORDER** |

    Pending before the Court is Plaintiff's motion for summary judgment on its breach of contract and unjust enrichment claims and Defendants' counterclaims. Dkt. #77. Defendants have filed a response to the motion and Plaintiff has filed a reply. Dkt. ##79, 83. For the reasons set forth below, the Court will grant the motion in part.[1]

---

[1] The Court will deny the request for oral argument because the Court concludes that oral argument will not aid its decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

**I. Background.**

Plaintiff and Defendants Daryush Motlagh and John Edmonds entered into a Century 21 Real Estate Franchise Agreement ("Agreement") on July 9, 1997. The Agreement granted Motlagh and Edmonds the right to operate a Century 21 real estate franchise in Goodyear, Arizona. The Agreement required Motlagh and Edmonds to pay Plaintiff royalty fees in the amount of 8% of certain revenues earned in connection with the operation of the franchise.

Motlagh and Edmonds subsequently formed Integrity Assurance, Inc. ("Integrity"), a real estate corporation that operated the Century 21 franchise. Motlagh eventually became the sole shareholder of Integrity.[2]

Motlagh and Integrity each filed bankruptcy petitions on December 27, 2001. The bankruptcy filings discharged any debt owed to Plaintiff as of the filing date, subject to Plaintiff's creditor status in the bankruptcy estates. The bankruptcy court issued a discharge order with respect to Motlagh on May 29, 2002 and an order lifting all injunctions and stays on March 25, 2003. The bankruptcy court lifted all injunctions and stays in Integrity's bankruptcy case and denied Integrity's motion to assume the Agreement on August 27, 2003. The bankruptcy court concluded that, to the extent Integrity ever had any rights under the Agreement, the Agreement was deemed to be rejected and Integrity had no continuing rights under the Agreement.

On November 11, 2003, Plaintiff sent Defendants a letter demanding that they cease using Plaintiff's trademarks. Defendants responded by informing Plaintiff that Integrity would cease using Plaintiff's marks in light of the bankruptcy court's order that Integrity had no rights under the Agreement, but that Motlagh had the right to continue using the marks since Plaintiff had not properly terminated the Agreement. On November 18, 2003, Plaintiff sent Defendants a letter that purported to formally terminate the Agreement.

Plaintiff commenced this action by filing a verified complaint against Defendants on November 26, 2003. Dkt. #1. The complaint asserts four claims for relief: Lanham Act

---

[2] Plaintiff voluntarily dismissed Edmonds from this action on September 20, 2004. Dkt. #32.

- 2 -

1  violations, disgorgement of profits, unjust enrichment, and breach of contract. *Id.* Plaintiff
2  requested injunctive relief and seeks to recover unpaid royalty fees incurred after Defendants
3  filed for bankruptcy. *Id.* In December 2003, the Court granted Plaintiff's motion for a
4  temporary restraining order and approved the parties' stipulation for a preliminary injunction
5  against Defendants. Dkt. ##8, 15.

6  On December 19, 2003, Defendants filed an answer and counterclaim that purports to state
7  four claims for relief: breach of the implied covenant of good faith and fair dealing, breach
8  of contract, tortious interference with prospective advantage, and unjust enrichment. Dkt.
9  #13. Defendants allege that Plaintiff prevented them from receiving the benefits of the
10 Agreement by failing to provide administrative and technical support, marketing advice,
11 client referrals, and franchise-related media and products. *Id.* ¶¶ 69-74, 82-83. Defendants
12 further allege that Plaintiff disclosed their confidential financial information and diverted
13 client referral calls to a more favored franchisee in an effort to terminate the Agreement and
14 give Defendants' franchise territory to the more favored franchisee. *Id.* ¶ 77-83.

15 Plaintiff filed a motion to dismiss the counterclaims on January 26, 2004. Dkt. #18.
16 Plaintiff argued that because its alleged misconduct predated the bankruptcy petitions, the
17 counterclaims accrued pre-petition, belonged to the bankruptcy estates, and could only be
18 brought by the bankruptcy trustees. The Court held a hearing on the motion on May 19,
19 2004. Dkt. #26. In a June 2, 2004 order, the Court denied the motion because it was unclear
20 whether the counterclaims belonged to Defendants or the bankruptcy estate when some of
21 the alleged misconduct occurred before the petition date. Dkt. 28.

22 Plaintiff filed a renewed motion to dismiss counterclaims and a motion for summary
23 judgment on Plaintiff's breach of contract and unjust enrichment claims on May 13, 2005.
24 Dkt. ##50-51. Plaintiff moved to dismiss the counterclaims on the ground that the
25 bankruptcy court had held that the counterclaims belonged to the bankruptcy estate and that
26 the proper party to pursue them was the trustee, not Defendants. Dkt. #50. Motlagh
27 purchased the counterclaims from the bankruptcy estate on August 30, 2005. The Court
28 accordingly denied the motion to dismiss the counterclaims with respect to the Motlaghs and

1 granted it with respect to Integrity. Dkt. #63. The Court denied Plaintiff's motion for
2 summary judgment without prejudice. *Id.*

**II.      Analysis.**

**A.      Summary Judgment Standard.**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Only disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Summary judgment may be entered against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**B.      Plaintiff's Breach of Contract and Unjust Enrichment Claims.**

In its renewed motion for summary judgment, Plaintiff contends that the Agreement required Motlagh to pay Plaintiff royalty fees equal to 8% of total gross revenues earned in connection with the operation of the Century 21 franchise. Dkt. #77 at 13. Plaintiff further contends that Defendants earned $723,114.46 in gross revenues and have paid Plaintiff only $1,068.67 in royalty fees since their bankruptcy filings. *Id.* Plaintiff concludes that it is undisputed that Defendants owe Plaintiff $56,780.48 in royalty fees under breach of contract or unjust enrichment theories. *Id.* at 1; *see* Dkt. #78 ¶ 69.

Defendants argue that Plaintiff has presented no evidence to support its alleged gross revenue figure. Dkt. #79 at 6. Defendants further argue that Plaintiff's gross revenue figure does not take into account those revenues received from property management services, which are exempt from royalty fees under the Agreement. *Id.*; *see* Dkt. #78, Ex. 1 § 8(A)(iii). Defendant concludes that Plaintiff has failed to show that it is entitled to summary judgment on its breach of contract and unjust enrichment claims. Dkt. #79 at 1.

The only evidence Plaintiff has presented to support its alleged gross revenue figure is the declaration of Debbie Iuliano, Plaintiff's Vice President of Real Estate Financial Services. Dkt. #78 Ex. 15. Plaintiff cites Ms. Iuliano's declaration in support of its contention that, "[d]espite the fact that Defendants generated more than $700,000 by operating a [Century 21] franchise after filing their bankruptcy petitions, Defendants made only two small payments to [Plaintiff] during this time." Dkt. ##77 at 14, 78 ¶ 54 (citing Ex. 15). Ms. Iuliano's declaration shows that Defendants' have paid Plaintiff only $1,068.67 in franchise fees since their bankruptcy filings. *See* Dkt. #78 Ex. 15 ¶ 32 & Ex. A. The declaration does not, however, address revenues earned by Defendants after their bankruptcy filings. *See id.*

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). In this case, Plaintiff has not shown, as a matter of undisputed fact, that it is entitled to $56,780.48 in royalty fees under the Agreement. The Court accordingly will deny Plaintiff's motion for summary judgment on its breach of contract and unjust enrichment claims.

**C.     The Motlaghs' Counterclaims.**

Plaintiff argues that it is entitled to summary judgment on the Motlaghs' counterclaims because they have presented no evidence that they suffered any damage as a result of Plaintiff's alleged misconduct. Dkt. ##77 at 16, 83 at 11 (citing Dkt. #78 ¶ 95; *Kelly v. Berlin*, 692 A.2d 552, 558 (N.J. Super. Ct. App. Div. 1997) ("It is fundamental that a plaintiff must 'prove damages with such certainty as the nature of the case will permit, laying a foundation which will enable the trier of the facts to make a fair and reasonable estimate. Damage awards may not be based on mere speculation.") (citations omitted)).[3] In the

---

[3] The Agreement provides that it "shall be construed according to the laws of the State of New Jersey[.]" Dkt. #78, Ex. 1 ¶ 25.

- 5 -

1  damages section of their initial disclosure statement, the Motlaghs stated that they "may offer
2  evidence of [their] out-of-pocket losses of monies invested in Century 21 trademarked
3  materials, signs and other paraphernalia as a set off against [Plaintiff's] claims for fees and
4  damages." Dkt. #78 Ex. 46 § C. It is undisputed that no such evidence has been disclosed
5  by the Motlaghs in this litigation. *Id.* ¶¶ 95-100; *see* Dkt. ## 79-81.

6  A principal purpose of summary judgment is "to isolate and dispose of factually
7  unsupported claims[.]" *Celotex*, 477 U.S. at 323-24. The party opposing summary judgment
8  is thus required to "set forth specific facts showing that there is a genuine issue for trial."
9  Fed. R. Civ. P. 56(e); *see Anderson*, 477 U.S. at 249 ("[I]n the face of the defendant's
10 properly supported motion for summary judgment, the plaintiff [may] not rest on his
11 allegations . . . to get to a jury without 'any significant probative evidence tending to support
12 the complaint.'") (citation omitted); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738
13 (9th Cir. 2000) ("To rebut the motion for summary judgment successfully, the plaintiffs must
14 point to some facts in the record that demonstrate a genuine issue of material fact and, with
15 all reasonable inferences made in the plaintiffs' favor, could convince a reasonable jury to
16 find for the plaintiffs.") (citing Fed. R. Civ. P. 56; *Celotex*, 477 U.S. at 323; *Anderson*,
17 477 U.S. at 249).[4]

18 In this case, the Motlaghs have presented no evidence of damages from Plaintiff's alleged
19 misconduct. The Court accordingly will grant Plaintiff's motion for summary judgment on
20 the counterclaims. *See Ghebreselassie v. Coleman Sec. Serv.*, 829 F.2d 892, 898 (9th Cir.
21 1987) (Ghebreselassie merely declared, without support, that his negligence claim raised
22 disputed issues of fact. Because Ghebreselassie did not sustain his burden of coming forward
23 with evidence to support his allegations, summary judgment was proper.") (citing *Celotex*,
24 477 U.S. at 323); *Betaseed, Inc. v. U & I Inc.*, 681 F.2d 1203, 1233 ("Since U & I did not

---

[4] *See also* LRCiv 56.1(a) ("Any party opposing a motion for summary judgment must . . . set[] forth the specific facts, which the opposing party asserts, including those facts which establish a genuine issue of material fact precluding summary judgment in favor of the moving party.").

- 6 -

offer evidence of any damages from the alleged conspiracy, the district court properly granted summary judgment."); *Navellier v. Sletten*, 262 F.3d 923, 939 (9th Cir. 2001) (affirming summary judgment in the defendants' favor where the plaintiffs "failed to point to evidence demonstrating damages").

**IT IS ORDERED:**

1. Plaintiff Century 21 Real Estate Corporation's motion for summary judgment (Dkt. #77) is **denied in part** with respect to Plaintiff's breach of contract and unjust enrichment claims and **granted in part** with respect to the counterclaims against Plaintiff.

2. The Court will set a Final Pretrial Conference by separate order.

DATED this 19th day of September, 2006.

*David G. Campbell*
David G. Campbell
United States District Judge

- 7 -