**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Century 21 Real Estate Corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Daryush B. Motlagh and Jennifer Motlagh, husband and wife; and Integrity Assurance, Inc., an Arizona corporation,<br><br>　　　　　Defendants.<br>_____<br>Daryush B. Motlagh and Jennifer Motlagh, husband and wife,<br><br>　　　　　Counterclaimants,<br><br>vs.<br><br>Century 21 Real Estate Corporation,<br><br>　　　　　Counterdefendant.<br>_____ | No. CV-03-2353-PHX-DGC<br><br>**ORDER** |

　　　　Plaintiff has filed a motion for reconsideration of the Court's November 28, 2005 order denying Plaintiff's initial motion for summary judgment without prejudice and September 19, 2006 order denying in part Plaintiff's renewed motion for summary judgment. Dkt. #87; *see* Dkt. ##63, 85. Plaintiff requests, in the alternative, clarification regarding the issues remaining in this case. *Id.*

1  **I.     Legal Standard.**

2  Motions for reconsideration are disfavored and are not the place for parties to
3  make new arguments or to ask the Court to rethink what it has already thought. *See*
4  *N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). A
5  motion for reconsideration of an interlocutory order may be granted if (1) the movant makes
6  a convincing showing that the Court failed to consider material facts presented to the Court
7  before the order was issued, (2) there are newly discovered material facts that the movant
8  could not have discovered through reasonable diligence before the order was issued,
9  or (3) material facts have occurred or the law has changed after the order was issued. *See*
10 *Motorola, Inc. v. J.B. Rodgers Mech. Contrs., Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

11 **II.    The November 28, 2005 Order.**

12 The Court denied Plaintiff's initial motion for summary judgment on its breach of
13 contract and unjust enrichment claims without prejudice in a November 28, 2005 order.
14 Dkt. #63. The Court denied the motion without prejudice because the discovery to be
15 conducted on the Motlaghs' counterclaims may be relevant to defenses to Plaintiff's claims.
16 Dkt. #63 at 3. The Court also found that there were genuine issues of fact as to whether
17 Plaintiff improperly sought to terminate the Agreement when the bankruptcy stay was in
18 effect and thereafter repudiated the Agreement and refused to acknowledge Defendants'
19 franchise. *Id.*

20 Plaintiff asks the Court to reconsider its order and grant summary judgment on
21 Plaintiff's breach of contract and unjust enrichment claims because the Court has granted
22 summary judgment in Plaintiff's favor on the counterclaims. Dkt. #87 at 1. Plaintiff does
23 not explain, however, why the recent summary judgment ruling on the counterclaims should
24 cause the Court to reconsider its November 28, 2005 order. Moreover, Plaintiff filed a
25 renewed motion for summary on its breach of contract and unjust enrichment claims on
26 July 7, 2006. Dkt. #77. In light of that motion and the Court's September 19, 2006 order,
27 the Court will not revisit the rulings it made nearly a year ago. The Court will deny
28 Plaintiff's motion for reconsideration with respect to the November 28, 2005 order.

**III.    The September 19, 2006 Order.**

Plaintiff asks the Court to reconsider the ruling in its September 19, 2006 order that Plaintiff did not provide evidence to support its allegation that Defendants earned $723,114.46 in gross revenues in connection with the operation of their franchise. Dkt. #87 at 1; *see* Dkt. #85 at 5. Plaintiff states that footnote 76 to the statement of facts "indicated that Integrity's post-petition gross revenue through November 30, 2003 was $723,114.46" and that Plaintiff "intended to cite to Integrity's November 2003 bankruptcy Operating Statement for this fact, but inadvertently did not do so." *Id.* at 1-2. Plaintiff contends that the operating statement establishes Integrity's post-petition revenue through November 2003, and that Daryush Motlagh admitted this fact in his deposition. *Id.* at 2.

The Court will not consider the newly-submitted operating statement for summary judgment purposes because Plaintiff's failure to submit it as part of its renewed motion for summary judgment deprived Defendants of the opportunity to challenge or respond to the statement. Nor will the Court reopen the summary judgment briefing and require Defendants to do so. This case is nearly three years old. The deadline for filing dispositive motions passed more than three months ago on June 23, 2006. A Final Pretrial Conference is set for November 17, 2006, less than two months away. In short, Plaintiff has not shown good cause for considering the newly-submitted evidence or reopening the summary judgment briefing at this late stage of the litigation. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."); *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Courts set [pretrial] schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.").

Plaintiff contends that Daryush Motlagh admitted the amount of gross revenues in his deposition. Dkt. #87 at 2. Motlagh testified at his deposition as follows:

Q: [The operating statement] indicates that the gross revenues for your business since the filing of the bankruptcy through the end of November 2003 is approximately $723,000. Do you see that?

1     A:  Correct.

2     Q:  Can you tell me what types of revenue comprised the gross revenue?  What are the various components?

3

4     A:  Mainly real estate commissions.

      Q:  Okay.  I see that there's a – well, let me back up.  When you say "mainly real
5  estate commissions"?

6     A:  Majority of them are real estate commissions.

7  Dkt. #78, Ex. 2 at 12:8-5.

8          Motlagh's deposition testimony does not, as a matter of undisputed fact, establish that

9  Integrity earned $723,114.46 in post-petition gross revenues.  Nor does it establish that this

10 purported figure includes only non-excludable revenues under the Agreement.  Plaintiff cites

11 § 8(A)(i) of the Agreement for the proposition that "[t]here are no exceptions for the revenue

12 derived by Motlagh or Integrity . . . in their real estate business.  100% of their revenue is

13 subject to the franchise fee."  Dkt. #87 at 2-3.  Plaintiff, however, ignores § 8(A)(iii) of the

14 Agreement, which limits the transactions on which franchise royalty fees must be paid:  "The

15 only transactions on which royalty fees shall not be required to be paid are those for which

16 revenues are received as a result of activities dealing with leases or rentals having a

17 nonrenewable term of not more than one (1) year and from property management services[.]"

18 Dkt. #78, Ex. 1 § 8(A)(iii).

19         The Court will deny Plaintiff's motion for reconsideration with respect to the Court's

20 September 19, 2006 order.

21 **IV.    Plaintiff's Request for Clarification.**

22         Plaintiff requests, in the alternative, clarification regarding what issues remain in this

23 case.  Dkt. #87 at 4.  The claims remaining in this case are Plaintiff's disgorgement of profits,

24 unjust enrichment, and breach of contract claims.  The Court has granted the injunctive relief

25 sought in Plaintiff's Lanham Act claim and has granted summary judgment in Plaintiff's

26 favor on the Motlaghs' counterclaims.  *See* Dkt. ##8, 15, 85.

27         The Court declines Plaintiff's invitation to grant partial summary judgment on the

28 issue of Defendant's liability on the unjust enrichment and breach of contract claims.  *See*

- 4 -

Dkt. #87 at 4. The issue of Plaintiff's alleged misconduct is not, as Plaintiff suggests, irrelevant to Plaintiff's claims merely because the Court granted summary judgment on the counterclaims. Evidence of the alleged misconduct may be relevant to defenses to Plaintiff's claims. *See* Dkt. #63 at 3.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Dkt. #87) is **denied**.

DATED this 29th day of September, 2006.

_____
David G. Campbell
United States District Judge