**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Century 21 Real Estate Corporation, | No. CV-03-2353-PHX-DGC |
| Plaintiff/Counterdefendant, | **ORDER** |
| vs. | |
| Daryush B. Motlagh and Jennifer Motlagh, husband and wife, | |
| Defendants/Counterclaimants. | |

On September 19, 2006, the Court issued an order denying Plaintiff's motion for summary judgment on its breach of contract and unjust enrichment claims and granting the motion with respect to Defendants' counterclaims. Dkt. #85; *see* Dkt. #77. Plaintiff has filed a motion for attorneys' fees and a supporting memorandum. Dkt. ##95, 97. Plaintiff seeks to recover a total of $65,411 in attorneys' fees. *Id.* Defendants have filed a response and Plaintiff has filed a reply. Dkt. ##98-99. For the reasons set forth below, the Court will grant the motion in part and award Plaintiff $52,721 in attorneys' fees.

**I.      Background.**

Plaintiff and Defendant Daryush Motlagh entered into a Century 21 Real Estate Franchise Agreement ("Agreement") on July 9, 1997. The Agreement granted Motlagh the right to operate a Century 21 real estate franchise in Goodyear, Arizona.

1 Motlagh filed a bankruptcy petition on December 27, 2001, thereby discharging any
2 debt owed to Plaintiff as of the filing date. The bankruptcy court issued a discharge order
3 on May 29, 2002 and an order lifting all injunctions and stays on March 25, 2003.

4 On November 11, 2003, Plaintiff sent Motlagh a letter demanding that he cease using
5 Plaintiff's trademarks. Motlagh responded by informing Plaintiff that he had the right to
6 continue using the marks because Plaintiff had not properly terminated the Agreement.
7 On November 18, 2003, Plaintiff sent Motlagh a letter formally terminating the Agreement.

8 Plaintiff commenced this action by filing a complaint against Defendants on
9 November 26, 2003. Dkt. #1. The complaint asserted four claims for relief: Lanham Act
10 violations, disgorgement of profits, unjust enrichment, and breach of contract. *Id.* Plaintiff
11 requested injunctive relief and sought to recover unpaid royalty fees incurred after Motlagh
12 filed for bankruptcy. *Id.* In December 2003, the Court granted Plaintiff's motion for a
13 temporary restraining order and approved the parties' stipulation for a preliminary injunction
14 against Defendants on Plaintiff's Lanham Act claim. Dkt. ##8, 15.

15 Defendants filed an answer and counterclaim on December 19, 2003. Dkt. #13.
16 The counterclaim asserted four claims for relief: breach of the implied covenant of good
17 faith and fair dealing, breach of contract, tortious interference with prospective advantage,
18 and unjust enrichment. *Id.*

19 On July 7, 2006, Plaintiff filed a motion for summary judgment on its breach of
20 contract and unjust enrichment claims and on Defendants' counterclaims. Dkt. #77. In its
21 September 19, 2006 order, the Court denied summary judgment on Plaintiff's breach of
22 contract and unjust enrichment claims because Plaintiff had not shown, as a matter of
23 undisputed fact, that it was entitled to the royalty fees it sought under the Agreement.
24 Dkt. #85 at 4-5. The Court granted summary judgment on the counterclaims because
25 Defendants had presented no evidence of damages from Plaintiff's alleged misconduct. *Id.*
26 at 5-7. On September 26, 2006, the Court denied Plaintiff's motion for reconsideration of
27 the Court's summary judgment ruling on Plaintiff's breach of contract and unjust enrichment
28 claims. Dkt. ##87-88.

1  On November 15, 2006, the Court entered a permanent injunction against Defendants on Plaintiff's Lanham Act claim and dismissed Plaintiff's remaining claims without prejudice pursuant to the parties' stipulation. Dkt. ##90-93. Judgment was entered on January 5, 2007. Dkt. #96.

**II.  Plaintiff's Motion for Attorneys' Fees.**

**A.  Is Plaintiff Entitled to an Award of Attorneys' Fees?**

Plaintiff seeks an award of attorneys' fees under the Agreement. Dkt. ##95 at 1, 97 at 2-4. The Agreement provides that it "shall be construed according to the laws of the State of New Jersey[.]" Dkt. #95, Ex. 1 ¶ 25.[1] "New Jersey generally disfavors the shifting of attorneys' fees[.]" *Packard-Bamberger & Co. v. Collier*, 771 A.2d 1194, 1202 (N.J. 2001) (citing *N. Bergen Rex Transp., Inc. v. Trailer Leasing Co.*, 730 A.2d 843 (N.J. 1999)). A prevailing party may, however, recover attorneys' fees "if they are expressly provided for by statute, court rule, or contract." *Id.*

The contract in this case expressly provides for the recovery of attorneys' fees by the prevailing party. Paragraph 20 of the Agreement provides:

> Should either party incur attorneys' fees in order to enforce the terms and conditions of this Agreement, . . . whether or not legal action is instituted, the party not in default shall be entitled to reimbursement of such attorney's fees and costs . . . . Should any legal action be instituted, the prevailing party shall be entitled to recover all litigations costs and expenses, including attorneys' fees.

Dkt. #95, Ex. 1 ¶ 20.

Plaintiff argues that this provision entitles it to recover the attorneys' fees it incurred in successfully defending against the counterclaims. Dkt. ##97 at 2-6, 99 at 2-3. Defendants make three arguments as to why Plaintiff is not entitled to a fee award under paragraph 20.

First, Defendants argue that the counterclaims did not seek to enforce the terms and conditions of the Agreement, but rather were directed at the "spirit" and "intent" of the

---

[1] Given this choice-of-law provision, the Court need not address Plaintiff's argument that it is entitled to a fee award under A.R.S. § 12-341.01. *See* Dkt. #97 at 4-6.

- 3 -

1  Agreement. Dkt. #98 at 7. Defendants alleged in their counterclaims that Plaintiff prevented
2  them from receiving the benefits of the Agreement by failing to provide administrative and
3  technical support, marketing advice, client referrals, and franchise-related media and
4  products. Dkt. #13 ¶¶ 69-74, 82-83. Defendants further alleged that Plaintiff disclosed their
5  confidential financial information and diverted client referral calls to a more favored
6  franchisee in an effort to terminate the Agreement and give Defendants' franchise territory
7  to the more favored franchisee. *Id.* ¶ 77-83. Significantly, the counterclaims included a
8  breach of contract claim based on Plaintiff's alleged failure to comply with the terms of the
9  Agreement. *Id.* ¶¶ 72-75. Even strictly construing paragraph 20 in light of New Jersey's
10 general policy disfavoring fee awards, *see N. Bergen*, 730 A.2d at 848, the Court concludes
11 that it applies to Defendants' counterclaims because each of them alleged that Plaintiff had
12 failed to perform its obligations under the Agreement. Dkt. #13 ¶¶ 57-83; *see Kellem*
13 *Assocs., Inc. v. Angel Projects, LLC*, 814 A.2d 642, 646 (N.J. Super. Ct. App. Div. 2003)
14 (holding that the plaintiff's action for past-due rent was covered by the lease term providing
15 for attorneys' fees to the prevailing party even though the complaint also sought declaratory
16 relief).

17        Second, Defendants argue that Plaintiff has not shown that it was a "party not in
18 default" with respect to its obligations under the Agreement. Dkt. #98 at 7. Defendants
19 assert that this issue was raised by their counterclaims and that those claims have never
20 been fully and fairly litigated. *Id.* As explained more fully below, Plaintiff was the
21 "prevailing party" with respect to the counterclaims. Plaintiff is thus entitled to recover the
22 attorneys' fees it incurred in defending against the counterclaims pursuant to paragraph 20
23 of the Agreement.

24        Finally, Defendants argue that Plaintiff is not entitled to "reimbursement" of any
25 attorneys' fees because it has not demonstrated that it actually paid out-of-pocket any of the
26 fees it seeks to recover. Dkt. #98 at 7. This argument is refuted by the affidavit of Plaintiff's
27 counsel, which explicitly states that Plaintiff has in fact paid counsel for all the fees Plaintiff
28 seeks to recover in this action. Dkt. #97, Ex. 4 ¶ 12.

Plaintiff is entitled to an award of attorneys' fees under the Agreement. *See N. Bergen*, 730 A.2d at 845 (holding that a lessor was entitled to a fee award where the lease agreement required the lessee to pay reasonable attorneys' fees in the event the lessor had to procure legal services to enforce the agreement).

### B. Is the Amount of Plaintiff's Requested Fee Award Reasonable?

Under New Jersey law, "[t]he threshold issue in determining whether an attorneys' fee award is reasonable is whether the party seeking the fee prevailed in the litigation." *N. Bergen*, 730 A.2d at 848 (citing *Singer v. State*, 472 A.2d 138 (N.J. 1984)). The New Jersey Supreme Court has established a two-part test to determine whether the party seeking fees was a prevailing party. *See id.* at 849. The first part requires a factual nexus between the pleading and the relief ultimately received. *Id.* The second part requires that the relief granted had some basis in law. *Id.*; *see Packard-Bamberger*, 771 A.2d at 1204 (citing *Singer*).

Plaintiff in this case has satisfied both parts of the *Singer* test with respect to the counterclaims. In its reply to the counterclaims, Plaintiff denied that Defendants had suffered any damages as result of Plaintiff's alleged misconduct and sought the dismissal of the counterclaims with prejudice. Dkt. #29 ¶¶ 14, 16, 20, 23, 28. In its subsequent motion for summary judgment, Plaintiff argued that the counterclaims lacked merit because Defendants had presented no evidence that Plaintiff caused them any damages. Dkt. #77 at 12, 16-17. In support of this argument, Plaintiff relied on *Kelly v. Berlin*, 692 A.2d 552, 558 (N.J. Super. Ct. App. Div. 1997), which made clear that "[d]amage awards may not be based on mere speculation." *Id.* at 16. The Court granted Plaintiff's motion for summary judgment on the counterclaims because Defendants had presented no evidence of damages from Plaintiff's alleged misconduct. Dkt. #85 at 5-7 (citing *Kelly*). Plaintiff is the prevailing party with respect to the counterclaims because Plaintiff "obtained relief in connection with [the counterclaims], and the relief was well grounded in law." *Packard-Bamberger*, 771 A.2d at 1204; *see N. Bergen*, 730 A.2d at 849 (holding that the party seeking fees was the prevailing party on a counterclaim because the party satisfied both parts of the *Singer* test);

- 5 -

*Kellem Assocs.*, 814 A.2d at 646 ("Kellem is a prevailing party in this litigation, the subject matter of which is encompassed in the provision of its lease agreement with [Defendant] authorizing attorneys' fees and costs.").

Plaintiff seeks an award of $65,411.00 in attorneys' fees. Dkt. #95 at 1. This amount includes all of the fees Plaintiff incurred in connection with its July 6, 2006 motion for summary judgment and its subsequent motion for reconsideration. Dkt. #97 Ex. 4; *see* Dkt. ##77, 87. Plaintiff sought summary judgment on its breach of contract and unjust enrichment claims and on Defendants' counterclaims. *See* Dkt. #77. Pursuant to the stipulated judgment, Plaintiff's breach of contract and unjust enrichment claims were dismissed "with each party to bear their own attorneys' fees and costs for these claims." Dkt. #96 ¶ 3. Plaintiff thus is not entitled to recover attorneys' fees related to these claims.

A review of Plaintiff's itemized statement of fees shows that Plaintiff incurred $27,710 in attorneys' fees related to its July 7, 2006 motion for summary judgment and $1,890 in connection with its subsequent motion for reconsideration. Dkt. #97 Ex. 4. The Court will deduct from Plaintiff's requested fee award the fees incurred in connection with the motion for reconsideration because that motion related to Plaintiff's breach of contract and unjust enrichment claims. *See* Dkt. #87. With respect to Plaintiff's motion for summary judgment, $6,110 in fees were incurred solely with respect to Defendants' counterclaims. *Id.* The Court will not deduct this amount from Plaintiff's requested fee award because Plaintiff was the prevailing party on these claims and reserved the right to seek attorneys' fees related to the claims. *See* Dkt. ##85, 96 ¶ 2. The remaining amount, $21,600, was incurred generally in connection with the motion for summary judgment. The Court will deduct half of this amount ($10,800) from Plaintiff's requested fee award because the motion for summary judgment addressed Plaintiff's breach of contract and unjust enrichment claims and Defendants' counterclaims. Starting with Plaintiff's request of $65,411 and subtracting $1,890 for the motion for reconsideration and $10,800 for one-half of the motion for summary judgment, the Court arrives at a total fee award of $52,721. The Court finds this fee award to be reasonable. *See Packard-Bamberger*, 771 A.2d at 1205 (affirming trial

1  court's fee award where the trial court carefully considered the plaintiffs' fee application and
2  justified the reduction in the total fee amount sought by the plaintiffs).[2]

3  **IT IS ORDERED:**

4  1.  Plaintiff/Counterdefendant Century 21 Real Estate Corporation's motion for
5  attorneys' fees (Dkt. #95) is **granted in part** and **denied in part** as set forth in this order.

6  2.  Plaintiff/Counterdefendant Century 21 Real Estate Corporation is awarded
7  **$52,721.00** in attorneys' fees against Defendants/Counterclaimants Daryush B. Motlagh and
8  Jennifer Motlagh.

9  DATED this 12th day of March, 2007.

*/s/ Daniel G. Campbell*
David G. Campbell
United States District Judge

---

[2] The Court notes that Plaintiff has addressed the factors bearing on the reasonableness of the requested fee award identified in Local Rule of Civil Procedure 54.2(c)(3). Dkt. #97 at 6-7, Ex. 4 ¶¶ 4-12. Defendants do not address these factors or otherwise challenge the competency of or the billing rates charged by Plaintiff's counsel. *See* Dkt. #98.